United States Bankruptcy Court
Northern District of Illinois
Eastern Division

| | |
|---|---|
| In re:<br>Robert J. Meier,<br><br>Debtor. | Bankruptcy No. 14-bk-10105<br><br>Chapter 7 |
| Baby Supermall LLC<br>Plaintiff<br>v.<br>Robert J. Meier,<br>Defendant. | Adversary No. 15-ap-00198 |

**MEMORANDUM OF DECISION ON MOTION TO AMEND ORDERS**
**[DKT. NO. 203]**

Baby Supermall LLC ("BSM"), through its assignee Edward Schrock, moves for an order amending the November 7, 2016 Order for Voluntary Dismissal (Dkt. No. 194) (the "Dismissal Order"), whereby BSM's nondischargeability action against the Debtor, Robert Meier ("Meier") was voluntarily dismissed, to include the following language:

> This dismissal without prejudice does not preclude Baby Supermall LLC and Edward Shrock from seeking a constructive trust on Debtor Robert J. Meier's resident at 2307 N. James Ct., Arlington Heights, Illinois.

(*See* Motion ¶ 2.) The Motion to Amend Orders amends the prior Motion to Vacate Order (Dkt. No. 196), which sought to vacate the Dismissal Order pursuant to Fed. R. Bankr. P. 9024 (incorporating Fed. R. Civ. P. 60) and reinstate the adversary proceeding. The Motion to Vacate Order was filed on March 2, 2017, and amended as Motion to Amend Orders on April 2, 2017.

**Motion to Amend Orders**

BSM seeks relief under the court's general power to interpret and enforce its prior orders. According to BSM, the amendment is intended merely to "clarify" that voluntary dismissal was "without prejudice because BSM wanted to pursue its State law constructive trust claims against Meier." (*See* ¶¶ 8, 10.) But such a clarification

would not change the discharge order entered in Meier's Chapter 7 bankruptcy case, *see* 11 U.S.C. § 727, nor could it do what BSM chose to abandon: an order excepting a debt from a discharge in the manner provided by 11 U.S.C. § 523(a).

The reason why BSM's constructive trust action is barred has nothing to do with the reasons why the Dismissal Order was entered, or the lack of qualifying language in that Order, or whether such dismissal was with or without prejudice. BSM cannot except a debt from a discharge by simply saying that it intended to proceed in a different forum. BSM cannot seek to bypass the requirements set forth in the Bankruptcy Code by including qualifying language in the Discharge Order.

A discharge granted in a chapter 7 case "discharges the debtor from *all debts* that arose before . . . the commencement of the case, whether or not a proof of claim based on any such debt or liability is filed . . . and whether or not a claim based on any such debt or liability is allowed . . ." *except* to the extent that § 523 applies. 11 U.S.C. § 727(b) (emphasis added); *see McClellan v. Cantrell*, 217 F.3d 890, 892 (7th Cir. 2000).

BSM's apparent misunderstanding of the legal implications of the Dismissal Order on the discharge of all prepetition claims it held against Meier will not warrant changing the effect of a discharge entered under § 727, which would include the underlying claims forming the basis of its constructive trust action in state court. *See Midwest Decks, Inc. v. Butler & Baretz Acquisitions, Inc.*, 649 N.E.2d 511, 518 (Ill. App. Ct. 1995) ("A constructive trust is normally imposed when there has been actual or constructive fraud or where there has been a breach of fiduciary duty."). BSM's action is predicated on alleged pre-bankruptcy misconduct by Meier (*see* ¶¶ 3–7), and would therefore fall within the broad definition of a "claim" in Meier's bankruptcy case. *See* 11 U.S.C. § 101(5) (defining "claim" to include any "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured . . . .").

Dismissal of the constructive trust action filed in the bankruptcy case had nothing to do with the underlying claims—fraud or fiduciary breaches—but with the nature of the remedy sought, which did not affect property that was property of the estate because Meier owned that property with his wife as tenants by the entireties. But BSM's dismissal of the underlying claims preempts its ability to prove entitlement to the type of equitable relief that it now seeks to pursue. An order discharging the debtor from his debts "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover, or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. § 524(a)(2); *see Cox v. Zale Delaware, Inc.*, 239 F.3d 910, 915 (7th Cir. 2001). BSM cannot avoid the operation and scope of the discharge granted to Meier by including language that directly contradicts governing bankruptcy provisions; his purported "clarification" would have no such effect.

BSM's contention that its constructive trust action would not be discharged because it is solely an action *in rem* is unsupported and without merit. "A constructive trust is an equitable remedy. . . . Some form of wrongdoing is a prerequisite to the imposition of a constructive trust." *In re Foos*, 183 B.R. 149, 158 (Bankr. N.D. Ill. 1995) (discussing Illinois law) (internal citations and quotation marks omitted). "[U]nder Illinois law, a party asserting a claim for fraud or breach of fiduciary duty has no property right in funds wrongly held by another until the party has obtained a court order imposing a constructive trust as a remedy." *In re Peregrine Fin. Grp., Inc.*, 487 B.R. 498, 513 (Bankr. N.D. Ill. 2013). BSM can assert no right to the property at issue until and unless it proves specific allegations of wrongdoing, such as fraud or breach of fiduciary duty. *See Midwest Decks*, 649 N.E.2d at 518; *Foos*, 183 B.R. at 158. Unlike interests in property that are obtained prior to commencement of a bankruptcy case, such as a lien, which would not be discharged, BSM has no right to the property until its claims against Meier are proven. *See Redmond v. Fifth Third Bank*, 624 F.3d 793, 802–

03 (7th Cir. 2010); *In re Weinhold*, 393 B.R. 623, 630 (Bankr. E.D. Wis. 2008). If BSM had a present legal interest in the property in question, it would have no need to seek imposition of a constructive trust to assert those rights.

Accordingly, BSM's Motion to Amend Orders will be denied.

**Motion to Vacate Dismissal Order**

To the extent that BSM seeks to vacate the Dismissal Order and reinstate its nondischargeability action in this case, it has failed to show grounds justifying such relief in accordance with Rule 60(b), Fed. R. Civ. P., *see* Fed. R. Bankr. P. 9024. Aside from legal mistake or a misunderstanding of the effect of prior orders on its ability to proceed against Meier in State court, BSM asserts no cognizable basis to justify vacating the Dismissal Order and reinstating its nondischargeability action. *See McCormick v. City of Chi.*, 230 F.3d 319, 327 (7th Cir. 2000) ("This court has held before that neither ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)." (internal quotation marks and citation omitted)). To the extent other grounds are alleged, BSM has waived them by failing to make any cogent argument for Rule 60(b) relief. *See Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011) (courts have no duty "to research and construct legal arguments for parties, especially when they are represented by counsel.").

BSM's counsel made "a deliberate, strategic choice" to dismiss its nondischargeability action in the bankruptcy case and proceed against Meier's non-estate assets in state court; incorrect assessment of the consequences of that choice by BSM's counsel does not show exceptional circumstances justifying relief under Rule 60(b). *See Eskridge v. Cook Cty.*, 577 F.3d 806, 809–10 (7th Cir. 2009). Accordingly, BSM has failed to establish grounds warranting relief from the Dismissal Order pursuant to Fed. R. Bankr. P. 9014.

For the foregoing reasons, BSM's Motion will be denied by separate order.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this 12th day of May, 2017