United States Bankruptcy Court
Northern District of Illinois
Eastern Division

| | |
|---|---|
| In re:<br>Robert J. Meier,<br>Debtor. | Bankruptcy No. 14-bk-10105<br><br>Chapter 7 |
| Baby Supermall LLC<br>Plaintiff<br>v.<br>Robert J. Meier,<br>Defendant. | Adversary No. 15-ap-00198 |

# MEMORANDUM OF DECISION ON BABY SUPERMALL'S RULE 9023 MOTION
# [ADV. DKT. NO. 233, 238]

Baby Supermall LLC ("BSM") moved to alter or amend this court's earlier Memorandum of Decision on Motion to Amend Orders and Order Denying Motion to Amend Orders (*see* Dkt. Nos. 126, 127), both dated May 12, 2017. BSM's motion was timely filed within 14 days as required by Bankruptcy Rule 9023, Fed. R. Bankr. P. (*See* Dkt. No. 233.) On oral motion, BSM sought and was granted leave to supplement its motion (Dkt. No. 237). BSM's Amended Rule 9023 Motion (Dkt. No. 238) was timely filed and, after oral response and argument on June 9, 2017, the motion was taken under advisement for ruling. For reasons stated below, BSM's amended motion will be denied.

BSM's Motion as amended is brought pursuant to Bankruptcy Rule 9023, which incorporates Federal Rule of Civil Procedure 59(e). *See* Fed. R. Bankr. P. 9023. "To prevail on a Rule 59(e) motion to alter or amend judgment, a party must 'clearly establish' (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) (citing *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). This rule allows the court to correct its own errors and thus avoid unnecessary appellate procedures. *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51

F.3d 746, 749 (7th Cir. 1995); *Charles v. Daley*, 799 F.2d 343, 348 (7th Cir. 1986). It is not a vehicle for a party to undo its own procedural failures, or allow a party to introduce new evidence or advance arguments that could and should have been presented prior to the judgment. *Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000).

BSM first argues that "this Honorable Court lacked jurisdiction to decide the [Motion to Amend Orders] or alternatively, to go beyond simply granting or denying the motion[] and opining on the effect of its Orders." (Am. Motion, ¶ 9.) BSM argues that its state law claims do not arise under title 11, or relate to Meier's bankruptcy case, and Meier's residence is not estate property. (*Id.* at ¶ 11.)

This argument comes after BSM's Motion to Amend Orders was denied. Therein, BSM sought to amend the order voluntarily dismissing its nondischargeability action against Meier (*see* Dkt. No. 194) to include the following sentence: "**This dismissal without prejudice shall not preclude Edward Shock and Baby SuperMall LLC from seeking a constructive trust on Debtor Robert J. Meier's residence . . . .**" (Mot. to Amend Orders, Dkt. No. 203, ¶ 2 (emphasis added).) Alternatively, BSM sought to amend the discharge Order in Meier's bankruptcy case to include the same language. BSM sought this "clarification" after Meier raised the automatic stay and the discharge injunction as a defense to BSM's action in state court seeking to impose a constructive trust on his home (otherwise known as the "Residence"), which Meier owns in tenancy by the entireties with his spouse, Sylvia Suby. (*See id.* at ¶¶ 4, 7.) BSM also represented that "[t]he State Court continued matters for this Honorable Court to be given an opportunity to decide the issue." (*Id.* at ¶ 7.)

In seeking to include the above quoted "clarification" sentence, BSM argued that the court had jurisdiction to interpret and enforce its own orders, and had the power to clarify or modify the discharge injunction based on the Bankruptcy Code's policy of

maintaining control over a bankruptcy discharge and avoiding abuses in other courts. (*Id.* at ¶ 10 (citing *In re Shondel*, 950 F.2d 1301, 1306 (7th Cir. 1991)).)

The Memorandum of Decision on Motion to Amend Orders, which BSM now seeks to vacate, rejected BSM's arguments that its constructive trust action did not violate the discharge injunction because it was solely an action *in rem*, and the residence was not estate property. In rejecting those arguments, the earlier opinion explained that the amendment of orders sought by BSM would have no such effect because, after dismissal here of BSM's nondischargeability action, all of BSM's prepetition claims (including those asserted in the pending state court action to impose a constructive trust on Meier's home) had been discharged. *See* 11 U.S.C. § 727(b) ("Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter . . .).

BSM's argument that its state court action fell outside the discharge injunction because it was solely *in rem* was rejected in the Opinion now being challenged because, unlike a lien holder who holds rights against property, BSM had no interest in the Residence unless it could succeed in establishing claims for conversion, fraud, fiduciary violation or other prepetition claims against Meier. However, any possible underlying claims were discharged in bankruptcy after BSM voluntarily dismissed its nondischargeability action which had sought a determination that Meier's debts to BSM were nondischargeable pursuant to 11 U.S.C. § 523(a)(2), (a)(4) and (a)(6). Accordingly, BSM's motion to amend the voluntary dismissal Order to state that BSM was not precluded from seeking imposition of a constructive trust on Meier's home by asserting those same claims was denied. The amendment was no "clarification," but rather it was a profound substantive change that would have been in conflict with bankruptcy law.

BSM's second argument is that, even if the court had jurisdiction to interpret its own Orders, the conclusion that Meier's personal discharge "preempts BSM's right to a

constructive trust on the Residence is mistaken, and should be reversed." (Am. Mot., ¶ 14.) BSM argues that its constructive trust action is based on restitution, and a constructive trust comes into existence from the moment of the transaction on which the restitution is based. Accordingly, BSM argues that its constructive trust action is an action against the property itself, not against Meier personally, and merely seeks a declaration that Residence is BSM's property, not Meier's.

This theory advanced by BSM comes after it had long pending a suit seeking nondischargeability of all claims against Meier. Having dismissed that action, BSM now takes the view that it never needed that suit and that the subsequent bankruptcy discharge of those claims is meaningless.

BSM's reliance on *In re Mississippi Valley Livestock, Inc.*, 745 F.3d 299, 304 (7th Cir. 2014) is unpersuasive. That case dealt with the question of whether a prepetition payment made by the debtor constituted a "transfer of an interest of the debtor in property" that could be avoided by a trustee in bankruptcy as a preferential transfer under § 547(b). *Mississippi Valley*, 745 F.3d at 302. In that case, the debtor had made payments to the defendant out of proceeds from sale of the defendant's cattle. *Id.* at 301. The Seventh Circuit panel concluded that the debtor never had an ownership interest in the cattle sold, but came in possession of that cattle solely for the purpose of selling it and turning over proceeds to the defendant—a relationship between them that was in the nature of a bailment rather than a sale. *Id.* at 302. However, because proceeds from the sale of the defendant's cattle were comingled with the debtor's general operating account, rather than segregated into a separate account, the trustee argued that the debtor held an interest in the funds transferred. *Id.* The Opinion in *Mississippi Valley* reversed and remanded for determination of whether the funds claimed by the bankruptcy trustee were subject to a constructive trust. *See id.* at 304–05. To do so, the bankruptcy court was required to determine whether the defendant had a valid restitution claim against the estate, which required proof that the defendant had an

interest in funds transferred. *Id.* at 307. But the underlying claims were not subject to a bankruptcy discharge.

In this case, BSM's prepetition restitution claim is being asserted after entry of a discharge in Meier's bankruptcy case. The effect of a discharge on prepetition restitution or unjust enrichment claims was not at issue or discussed in *Mississippi Valley*, and nothing in that case suggests that BSM's prepetition claims were outside the discharge injunction which now bars efforts to collect on those claims.

BSM argues that its restitution claims are not against Meier but against the Residence. It contends that, under *Mississippi Valley*, its action would not be discharged because it merely seeks to reclaim its property. But by BSM's own account in its present Motion, the relevant allegations justifying its constructive trust action in state court are that "Meier converted $788,000 of BSM's funds to purchase a home for himself . . . ." (Am. Mot., at ¶ 1.) Meier is alleged to have accomplished this by drawing on BSM's line of credit and then directing that those funds be transferred to Chicago Title Trust to purchase the Residence. (*Id.*) BSM has not alleged that it ever had any other claim of ownership interest in the Residence itself, but that the funds taken from it were used to purchase the Residence. BSM's restitution claims are for money and imposition of a constructive trust on the Residence based on such wrong is sought as a remedy for the alleged conversion.

BSM's contention that its pending action is not preempted because it is an action *in rem* lacks merit. Section 524 "does not enjoin holders of unavoided liens from enforcing them against property of the debtor through proceedings *in rem*." *Matter of Hunter*, 970 F.2d 299, 310–11 (7th Cir. 1992). However, BSM does not claim to be a lien holder and it is not seeking to proceed *in rem*.

To assert an interest in the Residence, BSM would have to establish that Meier converted company funds—a prepetition claim. But under § 524, "discharge enjoins

creditors from seeking to establish that the discharged debtor is *personally liable* for any pre-petition claim." *Id*. at 311.

## CONCLUSION

BSM has not shown any error of law or fact in the prior Memorandum of Decision and Order. Accordingly, its motion to alter or amend will be denied by separate order.

BSM made a fatal mistake in dismissing its action filed to prove that a debt to it was nondischargeable. All motions filed since then have been desperate efforts to correct the consequences of that error.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this ___ day of June, 2017

JUN 30 2017

6